## Gushee *versus* Robinson.

A note given by two persons as part payment for a mare, containing these words : — " said mare to be holden to J. S. G., (one of the signers,) for the amount he may pay for the same," is not a mortgage, and consequently need not be recorded.

On Exceptions from *Nisi Prius,* Tenney, J., presiding. Trover, for a mare.

On the 17th of June, 1852, the plaintiff and William H. Haskell gave the following note : — " For value received, we jointly and severally promise to pay John Kiff, 2d., or order, the sum of forty-two dollars, in five months from date, with interest, it being part pay for a red mare, six years old, said mare to be holden to J. S. Gushee, (the plaintiff,) for the amount that he may pay for the same."

Defendant exchanged his horse for the mare bought of Kiff, with Haskell, and the question was as to his authority to sell it. On this point much evidence was before the jury.

The counsel for defendant contended, that the note or memorandum, was in effect a mortgage as between plaintiff and Haskell; and not being recorded could have no effect as against defendant, a *bona fide* purchaser, without notice.

The Court, for the purpose of settling the question whether plaintiff consented to the exchange, instructed the jury, that the paper referred to was not to be regarded as a mortgage, and that such was not its legal effect, and that if they should find that the sale of the mare was from the said John Kiff to the plaintiff alone, and not to the plaintiff and said Haskell jointly, and should find that the plaintiff did not authorize or consent to the exchange with the defendant, and did not ratify, sanction or acquiesce in

said exchange, then their verdict would be for the plaintiff. But if they should find, that the sale of said mare was to said Haskell alone, or to Haskell and the plaintiff jointly, or that the plaintiff authorized or consented to the trade with defendant, or after the trade with defendant, ratified, sanctioned or acquiesced in said trade, then their verdict would be for defendant. To which ruling, (the verdict being for plaintiff,) defendant excepted.

*A. T. Palmer,* for defendant.

*N. Abbott,* for plaintiff.

APPLETON, J.—The issue before the jury in this case was whether the horse, for the alleged conversion of which this action was brought, had been sold by John Kiff, 2d, to the plaintiff, or to one William H. Haskell, through whom the defendant derived his title.

In the course of the trial, the note given for the horse in dispute was read in evidence and was of the following tenor:

"Appleton, 1852, 5th month, 17.

"For value received, we jointly and severally promise to pay John Kiff, 2d, or order, the sum of forty-two dollars' in five months from date, with interest, it being part pay for a red mare, six years old; *said mare to be holden to J. S. Gushee,* for the amount that he may pay for the same.

"J. S. Gushee.

"Attest, Marcus Kiff.                "William H. Haskell."

The name of Gushee had lines drawn over it.

The counsel for the defendant contended that this note, or memorandum, constituted a mortgage; that being a mortgage, it should have been recorded, and that not having been recorded, the plaintiff, in consequence thereof, was not entitled to recover, and requested the presiding Judge so to instruct the jury, which he declined. In so doing, no error is perceived.

This note, or memorandum, belonged to the payee, who had the entire control over the same. It cannot be regard-

ed as a mortgage. It is not such by its terms. There is no mortgager or mortgagee. The plaintiff could not have controlled its possession for the purpose of having it recorded, had he desired it ever so much. It might be considered as indicating the relation between the signers to the note, and as such was an important article of evidence bearing upon the question as to whom the sale had been made. It was not a mortgage nor intended to be one, nor should it have been recorded as such. *Sawyer* v. *Fisher*, 32 Maine, 28.

The other instructions were sufficiently favorable to the defendant, and afford no just ground of exceptions.

No motion for a new trial has been filed, and upon exceptions, the correctness of the instructions given, can only be considered. *Exceptions overruled.*